IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IP BUDS, LLC,<br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br>    Defendant. | CIV. A. NO.  2:23-cv-475<br><br>JURY TRIAL |

## COMPLAINT AND JURY DEMAND

IP Buds, LLC alleges that Samsung willfully infringes U.S. Patent No. 9,467,763.

## THE PARTIES

1.  Plaintiff IP Buds, LLC, is a Kansas limited liability company founded, owned, and operated by Dr. Jason D. Beal, the inventor of the subject matter claimed in the '763 patent.

2.  Samsung Electronics America, Inc., is a corporation organized under the laws of the state of New York with a principal place of business at 6625 Excellence Way, Plano, Texas 75023.

3.  Samsung can be served through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act of 1952, 35 U.S.C. §§ 1 *et seq.*, as amended.

5. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States.

6. Personal jurisdiction over Samsung is proper in this district because Samsung transacts business within this district and has committed acts of infringement in this district that have injured IP Buds, LLC.

7. Venue is proper in this district under 28 U.S.C. § 1400 because Samsung maintains an established place of business in Plano and has committed acts of infringement in this district.

8. Samsung markets, sells, offers for sale, uses, and encourages the infringing use of the accused wireless earbuds in this district.

9. Samsung operates an interactive website through which it offers infringing products and instructs users how to use them to infringe the '763 patent.

## DR. BEAL'S PRE-SUIT COMMUNICATION WITH SAMSUNG

10. On December 6, 2014, Dr. Beal sent an electronic mail to Samsung expressing his desire to license his inventions. He identified by number the recent publication of his application on September 18, 2014: U.S. Patent Publication no.

US2014/0270234. The subject line of his email reads, "Business Development: Patent Licensing," and he invited Samsung to "contact me to discuss and learn more about how this might help accelerate Samsung product development." Samsung never responded.

11.     Meanwhile, the Patent Examiner completed a full examination of Dr. Beal's patent applications, determined his inventions patentable, and on October 11, 2016, the Patent Office granted Dr. Beal a patent on his power-sharing inventions.

12.     Several years later in February 2019, Samsung introduced its "PowerShare" technology in its flagship Galaxy 10 handsets and wireless headsets, commercializing the power-sharing technology that Dr. Beal had invented and offered to Samsung back in December 2014.

13.     On June 23, 2021, this time through counsel, Dr. Beal again notified Samsung about his '763 patent, stating how it "is relevant to Samsung's wireless 'PowerShare' products" and suggested "discussing the patent and enhancing Samsung's intellectual property portfolio around this valuable production technology" through "the potential acquisition of this patent or a collaborative business arrangement."

14.     This time, Dr. Beal's efforts gained the attention of senior officials at Samsung who acknowledged his correspondence, requested and received detailed

claims charts, and requested time to review them.  Eventually, Samsung declined to continue discussions, and when Dr. Beal inquired as to any reason, Samsung did not respond.

15.     Samsung ignored Dr. Beal's subsequent efforts to continue communicating about his patented inventions.  The lack of response and follow-up by the senior Samsung IP licensing officials necessitated filing this lawsuit.

## SAMSUNG WIRELESS EARBUDS PRACTICE THE '763 PATENT

16.     The '763 patent is titled "Integrated Wireless Headset System for Electronic Devices" and issued on October 11, 2016.

17.     The '763 patent claims a wireless headset for use with an electronic device such as a smartphone featuring a battery configured to be charged via the electronic device such that the headset and the smartphone are charged simultaneously.



18. Claim 20 of the '763 patent recites:

> 20. A wireless headset for use with a mobile electronic device, the headset comprising:
> a left audio unit comprising:
> a left housing;
> a left speaker attached to the left housing; and
> a left earpiece attached to the left housing;
> a right audio unit comprising:
> a right housing;
> a right speaker attached to the right housing; and
> a right earpiece attached to the right housing;
> a microphone for receiving audio spoken by the user;
> a transceiver for receiving wireless signals from the mobile electronic device for transmitting wireless signals to the mobile electronic device; and
> a battery for supplying power to the headset, the battery of the headset being configured to be charged via the mobile electronic device such that the headset and the mobile electronic device are charged simultaneously.

'763 patent at 14:31-49 (as corrected by Cert. of Correction, June 27, 2023)

19. Samsung touts the "Wireless PowerShare" functionality that enables wireless charging of compatible Samsung earbuds.

20. Compatible Samsung earbuds currently include the Galaxy Buds Pro, Galaxy Buds Pro 2, Galaxy Buds Live, Galaxy Buds+, Galaxy Buds2, and Galaxy Buds.

21. By way of example, the Galaxy Buds Pro wireless headset is designed and intended by Samsung to be used with an electronic device such as a smartphone and includes a microphone for receiving audio spoken by the user.



22. The Galaxy Buds Pro wireless headset features left and right audio units called "earbuds" that include a speaker attached to the earbud housing that is designed and intended to be inserted into the user's ears.



23.  The accused Samsung earbuds include a radio transceiver for receiving and transmitting wireless signals from and to a smartphone. The Samsung earbuds use and are compatible with Bluetooth wireless technology.

24.  The Samsung accused earbuds include a charging case featuring a battery for supplying power to the earbuds. The battery is configured to be charged via the electronic device using "Wireless PowerShare" functionality that enables simultaneous charging of the electronic device and headset.



25.  Samsung describes this functionality on its website and instructs users how to use it:

Of course, you know how to **get the most out of your battery**, so you've got plenty to spare. When you're ready to perform a charging trick, here's how to activate Wireless PowerShare and charge another device.

**Note:** Adjust the position of the devices to ensure their connection is good because the location of the wireless charging coil varies by device. Foldable devices will need to be closed. Using Wireless PowerShare may affect call reception or data services, depending on your network environment.

First, confirm that the phone with PowerShare is charged to at least 30%. Swipe down from the top of your screen with two fingers to open Quick settings, and then tap the **Wireless PowerShare** icon. If the icon is not there, you may need to **add the PowerShare quick setting**.



Next, place the PowerShare phone and a compatible device back to back. To stop charging, just separate the two devices from each other. The PowerShare feature will automatically turn off after 60 seconds when no other device is detected.

You can also charge your Galaxy phone as it charges another device. Simply connect your phone to the charging cable that came with it while using PowerShare.

## COUNT I - INFRINGEMENT OF THE '763 PATENT

26.     IP Buds, LLC incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this complaint as though fully set forth herein.

27.     Samsung has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, the '763 patent by making, using, selling, offering for sale, and/or importing the accused wireless earbud products in violation of 35 U.S.C. § 271(a).

28.     The accused wireless earbud products meet each and every limitation of at least claim 20 of the '763 patent.

29.     Samsung knew about Dr. Beal's inventions, his published patent application, the '763 patent, and how Samsung's products embody Dr. Beal's inventions and are used in normal operation to practice the '763 patent when Samsung introduced the accused wireless earbud products and PowerShare functionality.

30.     Samsung has indirectly infringed and continues to indirectly infringe the '763 patent by, for example, encouraging, instructing, directing, and aiding the sale and use of the accused wireless earbud products by distributors, customers, and end users and the sale of the accused wireless earbud products by resellers and retailers.  Samsung actively, intentionally, and knowingly, with actual notice and

knowledge of the '763 patent and how the accused products meet the claim limitations, induces others (e.g., customers, distributors, resellers, and end-users) to practice one or more claims of the '763 patent.

31. Samsung publishes instructional materials on its website and provides instructions with the accused products directing end users how to practice the '763 patent. Samsung provides sales collateral, product and sales support, and instructs, encourages, and supports sales efforts by resellers and distributors in and through the United States.

32. On information and belief, Samsung designed the accused headsets to be used in normal operation to use and practice the system of claim 20.

33. Samsung's acts of direct and indirect infringement caused damage to IP Buds, LLC and IP Buds, LLC is entitled to recover from Samsung the damages sustained as a result of Samsung's infringing acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

34. IP Buds, LLC is entitled to relief including damages, injunctive relief, attorneys' fees, and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285.

35. IP Buds, LLC has complied with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, IP Buds, LLC, respectfully requests the Court to enter judgment in its favor and against Samsung as to all claims asserted herein as follows:

a) Adjudging that Samsung has infringed and actively induced infringement of one or more claims of the '763 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (c);

b) Granting an injunction and permanently enjoining Samsung, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, distributors, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the '763 patent;

c) Ordering Samsung to provide an accounting and pay damages adequate to compensate IP Buds, LLC for Samsung's willful infringement pursuant to 35 U.S.C. § 284;

d) Finding that Samsung's infringement was willful;

e) Declaring this case exceptional and awarding IP Buds, LLC its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

f) Awarding IP Buds, LLC prejudgment and post-judgment interest on the foregoing sums; and

g) Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38, IP Buds, LLC demand a trial by jury on all issues so triable.

October 9, 2023                                     Respectfully submitted,

By: _____
Cabrach Connor
Texas Bar No. 24036390
Email: Cab@CLandS.com
Jennifer Tatum Lee
Texas Bar No. 24046950
Email:  Jennifer@CLandS.com
**CONNOR LEE & SHUMAKER PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.777.1254 (main)
888.587.1134 (fax)

Keith J. Grady (MO #46757) (*pro hac vice* forthcoming)
Email: keith.grady@tuckerellis.com
Evan R. Sotiriou (MO #46093) (*pro hac vice* forthcoming)
Email:  evan.sotiriou@tuckerellis.com
**TUCKER ELLIS LLP**
100 S. Fourth Street, Suite 600
St. Louis, MO 63102
Tel. (314) 256-2550
Fax. (314) 256-2549
***Attorneys for IP Buds, LLC.***